# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:20-CV-1687 HEA |
| JEFFERSON COUNTY, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Joseph Michael Devon Engel's self-represented complaint, ECF No. 1, and motion for leave to commence this civil action without prepaying fees or costs, ECF No. 3. The complaint and motion are defective because they have not been drafted on Court forms. *See* E.D. Mo. Local Rule 2.06(A).

Because plaintiff is proceeding without counsel, the Court will allow plaintiff the opportunity to file an amended complaint and an amended application to proceed in district court without prepaying fees or costs on Court-provided forms.[1] Plaintiff has twenty-one (21) days from the date of this Order to file an amended application and an amended complaint in accordance with the specific instructions set forth here.

### Complaint

Plaintiff filed this action on November 23, 2020 pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is handwritten and not on a Court-provided form. Plaintiff's list of defendants is difficult to read as he uses unfamiliar abbreviations and misspellings, but it appears he brings this action

---

[1] Within the handwritten complaint, plaintiff indicates the Missouri Department of Corrections has refused to provide him with an inmate account statement. As such, the Court will not direct him to submit a certified inmate account statement with his amended application to proceed in forma pauperis.

against the following entities and individuals: Jefferson County; Jefferson County Sheriff's Department; Jefferson County Administration Staff; the Sheriff, Deputy Sheriff, Corporal, Captain, Sergeant, and Lieutenant at Jefferson County Sheriff's Department; the Assistant Attorney General; the Attorney General; the Lieutenant Governor; the Governor; the Missouri House of Representatives; an Unknown Missouri Senator; and the Jefferson County Medical Staff. Plaintiff brings his claims against all defendants in their official capacities.

Plaintiff claims his lawsuit is in regard to him being a sovereign citizen of Alaska, harassment from "Bryness Mill," and because "MODOC won't do th[ei]r job." Plaintiff provides no additional facts and does not indicate the relationship between the defendants and his statement of the claim.

For relief in this action, plaintiff provides approximately two pages of requests, including trillions of dollars from the named defendants and non-defendants; the ability to open a chain of horse tracks, a professional boxing and mixed martial arts arena, a casino and hotel, an indoor shooting range, and a gun show center; two to five million dollars in scholarships and health benefits for his friends and family; and stocks in various corporations.

**Discussion**

Plaintiff's complaint is deficient as pled. The complaint is not on a Court form as required by Local Rule 2.06(A). Because plaintiff is self-represented, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief.

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without

legal effect"). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must submit the amended complaint on a Court-provided form, and the amended complaint must comply with the Federal Rules of Civil Procedure. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

Plaintiff should type or neatly print his amended complaint on the Court's § 1983 civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name every party he is intending to sue. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety. **Plaintiff is advised to place the assigned case number of this action, Case No. 4:20-CV-1687-HEA, in the "Caption" section on the first page of the Court-provided form**.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**Appointment of Counsel**

Plaintiff has also filed a motion to appoint counsel. ECF No. 2. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny the motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail plaintiff a copy of the Court's 'Prisoner Civil Rights Complaint' form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail plaintiff a copy of the Court's 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within **twenty-one (21) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee **or** submit an amended motion to proceed in forma pauperis within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED** without prejudice.

**If plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 28th day of December, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE