## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JOSEPH MICHAEL DEVON ENGEL,         )
                                    )
       Plaintiff,               )
                                    )
     vs.                          )       No. 4:20-CV-1687-HEA
                                    )
JEFFERSON COUNTY, et al.,           )
                                    )
       Defendants.              )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Joseph Michael Devon Engel (registration no. 1069055), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without prepayment of the required filing fee. ECF No. 3. The Court will grant the motion and, for the reasons stated below, will assess an initial partial filing fee of $5.62. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

In support of the instant motion, plaintiff submitted a copy of his inmate account statement. ECF No. 5.   A review of plaintiff's account indicates an average monthly deposit of $28.11 and an average monthly balance of $0.04.   Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.62, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitive lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir.

1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred.   *Id.* at 1950, 1951-52.

**The Complaint**

On November 23, 2020, plaintiff filed a handwritten complaint pursuant to 42 U.S.C. § 1983, which was not drafted on a Court form. ECF No. 1. On December 28, 2020, plaintiff was directed to file an amended complaint on a Court-provided form as required by E.D. Mo. Local Rule 2.06(A). ECF No. 4. Plaintiff had until January 18, 2021 to comply. To date, plaintiff neither complied with the Court's Order, nor sought additional time to do so. Therefore, this Court will review plaintiff's complaint as originally submitted pursuant to 28 U.S.C. § 1915(e).

Plaintiff, who identifies himself as a sovereign citizen, is a self-represented litigant currently incarcerated at ERDCC in Bonne Terre, Missouri.   The instant complaint is one of more

than one hundred and thirty (130) civil rights actions plaintiff has recently filed in this Court

pursuant to 42 U.S.C. § 1983. Plaintiff prepared his handwritten complaint on seven (7) sheets of

notebook paper. His list of defendants is difficult to read as he uses unfamiliar abbreviations and

misspellings, but it appears he brings this action against the following entities and individuals:

Jefferson County; Jefferson County Sheriff's Department; Jefferson County Administration Staff;

the Sheriff, Deputy Sheriff, Corporal, Captain, Sergeant, and Lieutenant at Jefferson County

Sheriff's Department; the Assistant Attorney General; the Attorney General; the Lieutenant

Governor; the Governor; the Missouri House of Representatives; an Unknown Missouri Senator;

and the Jefferson County Medical Staff. ECF No. 1 at 1-3. Plaintiff brings his claims against all

defendants in their official capacities.

> Plaintiff's allegations are stated in their entirety as follows:
>
> This is in regards to me being a sourvin [sic] citiz[e]n of Alaska and Bryness Mill
> harrising [sic] me and arresting the times they have. [sic]

*Id*. Plaintiff provides no additional facts and does not indicate the relationship between the named

defendants and his statement of the claim.   Plaintiff describes his injuries as: "Sick, Mental,

Physicil [sic], Discustid [sic], Scared, Mind Raping."   ECF No. 1 at 4.

For relief, plaintiff sets forth a lengthy and fanciful prayer for damages. Plaintiff provides

approximately two pages of requests, including trillions of dollars from some of the named

defendants as well as some non-defendants; the ability to open a chain of horse tracks, a

professional boxing and mixed martial arts arena, a casino and hotel, an indoor shooting range,

and a gun show center; two to five million dollars in scholarships; health benefits for his friends

and family; and stocks in various corporations.

**Discussion**

Plaintiff's complaint is legally frivolous because the defendant entities and individuals cannot be sued under § 1983.

First, plaintiff's claim against the Jefferson County Sheriff's Department fails because it is not a suable entity under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); (departments or subdivisions of local government are "not juridical entities suable as such"); *De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983); and *Crigler v. City of St. Louis*, 767 F. Supp. 197, 198 (E.D. Mo. 1991) (police department is not a suable entity).

Second, as to defendant Jefferson County itself and the individual defendant employees of Jefferson County, including the Sheriff, Deputy Sheriff, Corporal, Captain, Sargent, Lieutenant, "administration staff," and "medical staff," such claims also fail. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). Thus, in this case, plaintiff's suit against

individual employees of Jefferson County, Missouri departments would be a suit against Jefferson County itself.

A local governing body such as Jefferson County can be sued under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Here, plaintiff has not alleged any facts against Jefferson County sufficient to support the proposition that it has an unconstitutional policy or custom, or that it has been deliberately indifferent in failing to train or supervise its employees. Therefore, to the extent plaintiff intended to bring this action against individual employees of the defendant departments of local government, those claims must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Lastly, plaintiff's claims against individuals employed by the state, including the Missouri Attorney General, the Assistant Missouri Attorney General, the Missouri Governor, the Lieutenant Governor, and a Missouri Senator and Representative are barred by the Eleventh Amendment. In the absence of a waiver, the Eleventh Amendment[1] bars a § 1983 suit against a state entity or an individual employed by the state in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998); *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State."   U.S. Const. amend XI.

Amendment."). Moreover, section 1983 provides for an action against a "person" for a violation, under color of law, of another's civil rights, but neither a State nor its officials acting in their official capacity are "persons" under § 1983. *See McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 7 (1989).

It also appears plaintiff's allegations are factually frivolous and subject to dismissal pursuant to *Denton v. Hernandez*.  Plaintiff provides no factual support for his claims and it is unclear from the complaint how the named defendants, as listed in the "Caption" section of his handwritten complaint, relate to his allegations. Plaintiff either sets forth irrational allegations (such as an entitlement to certain unidentified rights as a sovereign citizen), or he asserts entitlement to hundreds of "trillions" of dollars to compensate him for his arrest and harassment. Plaintiff also indicates an intent to seek hundreds of "trillions" of dollars and stocks from entities with no apparent connection to this action, and he sets forth a lengthy series of bizarre requests for the ability to open a casino, hotel, boxing arena, and gun show center. Considered as a whole, plaintiff's allegations and prayer for relief are "clearly baseless" under the standard articulated in *Denton v. Hernandez,* 504 U.S. at 32-33, and the complaint is subject to dismissal for this reason, as well. *See also United States v. Simonson*, 563 Fed. Appx. 514 (8th Cir. 2014) (stating that defendants' argument that they were "special sovereign citizens" was frivolous).

Finally, it appears this action is also subject to dismissal because it is malicious. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right). Since filing this action, plaintiff has filed over one hundred and thirty (130) other complaints in this Court alleging that his civil rights have been violated by these defendants and other state and local entities and officials. Plaintiff submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil

7

action. The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461-63; *see also In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). This action is subject to dismissal for this reason, as well.

Plaintiff is cautioned to avoid the practice of repeatedly filing meritless lawsuits. First, a prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*. Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). *See Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

8

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.62 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

Dated this 21st day of January, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE